tween the parties is apt to be more rancorous. A creditor who feels that the bankrupt has squandered in luxuriant living property that ought to have been applied to the payment of his claim, is not likely to spare the feelings of the family, or to omit to drag to light those thousand little family secrets which the good of society as well as of order and good breeding require rather to be suppressed. It is impossible for a register to sit and give free run to inquiries of this nature, and those of a similar character, without a sense that public decorum is being violated, and sometimes that a bankrupt is imposed upon and wronged, and his own as well as the time of others, uselessly and more than uselessly wasted. On the other hand, the bankrupt is often evasive in his answers, vague and unsatisfactory in his statements. The creditor claims a categorical answer; the bankrupt insists that he has given it, and questions of a similar character are constantly arising. Between these two opposing parties, the examination would often come to stand still, on the pretence, or otherwise, that the opinion of the court was desired, and thus great delay, waste of time, and vexation would seem to be almost inevitable.

After some consideration, I adopted the following course: I directed the parties to proceed with the examination, and I would pass upon every objection, and the parties might take formal objections; then at the close of the testimony, upon a motion to strike out specified points so objected to, or that excluded questions may be answered, I would certify the questions to the court, and upon the coming in of the judge's decision I would proceed to strike out or allow the questions to be answered as the opinion should indicate. This course was readily accepted by the respective counsel, and I have pleasure in certifying that it seems to work well. I am sure it shortens the examination. It makes the counsel more exact and circumspect, and I think has the effect to bring out facts with more exactness, and with more method. If, upon reflection, the court should deem this practice allowable, and will so signify its opinion, the practice will easily become uniform among the registers. That it is allowable under the act, the court is referred to the 4th section, where it is provided that the register may "sit at chambers, and dispatch there such parts of the administrative business of the court and such uncontested matters as shall be defined by general rules and orders, or as the district judge shall in any particular matter direct." The decision of the court upon this certificate may be regarded as such general rule or order in this matter.

[NOTE. This case was subsequently heard upon the question whether it is necessary to give notice to bankrupts of time and place of examination of witness as to bankrupts' property. Case No. 8,295. It was again heard upon the right to examine one of the bankrupts upon property acquired since filing petition, and upon the right of his counsel to cross-examine him. Case No. 8,296. The court considered the question as to whether attorney for creditors could act as counsel for assignee in Case No. 8,299. Finally, the point is decided as to whether or not a creditor who has not filed his claim may file objections to the bankrupts' discharge. Case No. 8,297.]

## Case No. 8,299.

### In re LEVY et al.

[1 N. B. R. 184; [1] Bankr. Reg. Supp. 40.]

District Court, S. D. New York. Dec. 7, 1867.

BANKRUPTCY — CREDITORS' ATTORNEY ACTING AS ASSIGNEE'S COUNSEL.

The counsellor of the assignee may act as attorney for creditors in bankruptcy proceedings.

[This was a proceeding in bankruptcy against Samuel M. Levy and Mark Levy. It was formerly heard upon the certificate of the register as to his practice in receiving and certifying objections (Case No. 8,298), and upon the question whether or not notice of time and place of examination of witnesses as to bankrupts' property should be given the bankrupts (Case No. 8,295). It was again heard upon the right to examine one of the bankrupts upon property acquired since filing petition, and upon the right of his counsel to cross-examine him. · Case No. 8,-296. It is now heard upon the following certificate of the register:]

By the Register:

I, Isaiah T. Williams, one of the registers in said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Mr. Samuel Boardman, who appeared for the bankrupt, and Mr. Charles H. Smith, who appeared for the assignee and divers creditors of said bankrupt. The respective parties this day appearing before me to proceed with the examination of Mark Levy, one of the said bankrupts, Mr. Boardman, solicitor for the bankrupts, objected that Mr. Smith who had hitherto been and was acting on said examination for and on behalf both of the creditors, and also on behalf of John Sedgwick, the assignee of the bankrupts, ought not to be allowed further to act in said capacity for said assignee on the ground that the 27th rule of this court prohibited the same. It was claimed on the part of Mr. Smith that he did not assume to act as solicitor or attor-

[1] [Reprinted from 1 N. B. R. 184, by permission.]

ney for said assignee, but only in the capacity of counsel, and that in such capacity he did not contravene the provisions of said rule.

After hearing the respective parties, I decided that it was not competent, under the provisions of said rule, for Mr. Smith to act for the assignee on said examination, as he was, and from the first had been, the attorney and solicitor for divers of the creditors of said bankrupts, in taking testimony for the purpose of opposing the discharge of the bankrupts. And I further certify and report to this honorable court, that the grounds for said decision were as follows: First. Although the word "counsel" is not used in said rule, yet, as the proceedings before me were in the nature of chamber business rather than proceedings in open court, the distinction between attorney and counsel could not be regarded. Second. That if the distinction between the office of attorney and counsel, now contended for, were to prevail, it would render the said rule wholly inoperative. Whereupon Mr. Smith requested that the question should be certified to the judge for his opinion thereon.

BLATCHFORD, District Judge. In consequence of embarrassments similar to that certified in this case, the 27th rule has been vacated, leaving any case in which any ground of complaint exists against an assignee on account of any matter connected with his employment of an attorney or solicitor, to be brought before the court for its action.

The clerk will certify this decision to the register, Isaiah T. Williams. Esq.

[This case was subsequently heard upon the question as to whether a creditor who has not filed his claim may object to the bankrupt's discharge. Case No. 8,297.]